UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

SUSAN LAUREL TROFATTER,

               Debtor.

_____/

Case No.  09-07423
Hon. Scott W. Dales
Chapter 7

**OPINION AND ORDER REGARDING**
**OBJECTION TO EXEMPTIONS**

PRESENT:    HONORABLE SCOTT W. DALES
                     United States Bankruptcy Judge

INTRODUCTION

After a November 24, 2009 hearing in Traverse City to consider Chapter 7 Trustee James W. Boyd's objection to the Debtor Susan Laurel Trofatter's exemption claim under M.C.L. § 600.5451 (the "Objection," DN 12), the court took the matter under advisement and permitted the parties to submit additional briefing.  The court has considered the arguments of counsel, and the joint stipulation of facts, and for the following reasons will sustain the Trustee's Objection.

JURISDICTION

The court has jurisdiction over the Debtor's case pursuant to 28 U.S.C. § 1334(a). The Objection commences a core proceeding under 28 U.S.C. § 157(b)(2)(B) because it challenges the allowance of the Debtor's claimed exemptions.

Page 2 of 7

<u>NATURE OF THE DISPUTE AND STIPULATED FACTS</u>

This contested matter requires the court to interpret Michigan's Constitution and a relatively obscure and narrow Michigan homestead exemption applicable to a limited class of widows and widowers in bankruptcy.

The parties' stipulation establishes that the Debtor and her spouse, prior to his death, together owned a land contract vendee's equitable interest in their residence located at 1725 S. Kathleen Drive, Lake City, Michigan (the "Residence"), as tenants by the entireties. The Debtor's husband died prepetition and, by operation of law applicable to entireties property, the Debtor succeeded to the entire vendee's interest in the Residence. According to the parties, there is approximately $46,350.00 in equity in the Residence. <u>See</u> Stipulation of Facts Related to Trustee's Objection to Exemptions (DN 23). The stipulation is silent regarding whether the Debtor remarried or has children, but the court will assume she did not remarry and does not have children, based upon counsel's representation at oral argument and in the absence of a contrary indication in the record. The Debtor filed a voluntary Chapter 7 petition with this court on June 22, 2009.

The Debtor seeks to exempt her interest in the Residence under M.C.L. § 600.5451(1)(p). With respect to the personal property exemptions, the Debtor contends that Michigan's 1963 Constitution, Article X, § 3, provides an independent and self-executing basis for exempting a modest checking account balance, bike, camera, 2009 federal tax refund, 2009 Michigan tax refund, and garnished wages. The Trustee objects to the exemptions on the grounds that (1) the Debtor does not qualify under the cited statute; and (2) the Michigan Constitution does not afford an independent, non-statutory

basis for exemption.  The court will first address the statutory exemption claim affecting the Residence before considering the supposed constitutional exemption for the miscellaneous personalty.

THE EXEMPTION OF THE DEBTOR'S RESIDENCE

The statute upon which the Debtor relies to exempt the Residence provides in relevant part as follows:

> If the owner of a homestead dies, leaving a surviving spouse but no children, the surviving spouse before his or her remarriage, unless the surviving spouse is the owner of a homestead in his or her own right, may exempt the homestead and the rents and profits of the homestead.

M.C.L. § 600.5451(1)(p).  As used in the statute, "'Homestead' means 1 of the following [listed items of property] owned or being purchased under an executory contract by the debtor that the debtor or a dependent of the debtor occupies as his or her principal residence. . . ."  Id. § 600.5451(5)(d).  In addition, the statute only applies to a debtor in bankruptcy.  Id. § 600.5451(1).

The Trustee asks the court to find that M.C.L. § 600.5451(1)(p) at most provides an exemption capped at the statutory amount ($34,350.00).[1]  In the alternative, the Trustee contends that the statute is inapplicable to the Debtor's interest in the Residence because the Debtor owned the real property in her own right as a tenant by the entireties before her husband's death. According to the Trustee, this means that the exception to the exemption for cases in which "the surviving spouse is the owner of a homestead in his or

---

[1] It is not clear whether the Debtor accepts this dollar limitation.  At oral argument, Debtor's counsel explained that his client cited the challenged section to capture all equity (even if the equity exceeds the dollar limit prescribed in M.C.L. § 600.5451(1)(n)), but in her brief she seems to accept the limitation.  See Debtor's Memorandum Brief (DN 22) at p. 1 (stating that if the statutory conditions are met, "the surviving spouse may exempt the homestead *up to the value permitted by the statute*") (emphasis added).  In any event, capping the exemption under M.C.L. § 600.5451(1)(p) might render the subsection meaningless, because debtors could avail themselves of the protection of M.C.L. § 600.5451(1)(n) to the same end.  The court's disposition makes it unnecessary to resolve this issue.

her own right" applies, and therefore prevents the Debtor from relying on this statute. The Debtor, in contrast, argues that the Trustee's interpretation is too stingy, and if the court accepts it, the exemption would never be available in a case in which a debtor owns a homestead.

At the threshold, the Sixth Circuit reminds us that when interpreting statutes, courts must "construe the language of a statute so as to avoid making any word meaningless or superfluous." Oates v. Oates, 866 F.2d 203, 206 (6th Cir.), cert. denied, 490 U.S. 1109 (1989). In addition, "statutes should be interpreted to avoid untenable distinctions and unreasonable results whenever possible." American Tobacco Co. v. Patterson, 456 U.S. 63, 71 (1982). This is no easy task when endeavoring to interpret a statute as poorly drawn as M.C.L. § 600.5451.

To understand how this statute might work, one must keep in mind several limitations prescribed in the statute. This exemption statute applies only to a debtor under the Bankruptcy Code.[2] In addition, the debtor must be a surviving spouse, who has not remarried, and who has no children. Finally, the debtor must not otherwise own a homestead "in his or her own right." This last condition gives rise to the present controversy.

Both parties advance textual arguments, and there is no case law on point. In order to make sense of the statute, the Debtor argues that the "homestead" referred to in the exception language -- "unless the surviving spouse is the owner of a *homestead* in his

---

[2] The bankruptcy-specific nature of the statute raises federal constitutional concerns, but at oral argument the Trustee formally waived his Objection to the extent premised on any such infirmity. This waiver and the court's statutory interpretation make it unnecessary to decide the statute's constitutionality, though the court recently and reluctantly upheld the statute against a similar challenge in In re Thomas E. Bratsburg, DK 09-06721 (Bankr. W.D. Mich. Nov. 2, 2009) (bench ruling); but see In re Pontius, Case No. 08-04124, slip op. (Bankr W.D. Mich. Dec. 22, 2009) (holding M.C.L. § 600.5451 unconstitutional) (Gregg, J.), and In re Wallace, 347 B.R. 626 (Bankr. W.D. Mich. 2006) (same) (Hughes, J.).

or her own right" -- must mean a homestead other than the one the debtor acquired upon the spouse's demise. <u>See</u> Debtor's Memorandum Brief at 1. Otherwise, says the Debtor, the statute would serve no purpose in bankruptcy. This argument, however, ignores the fact that the debtor cannot have two "homesteads" because the statute defines that term as the debtor's *principal* residence, and the word "principal" denotes singularity. M.C.L. § 600.5451(5)(d). Accordingly, the court is constrained to reject the Debtor's argument as inconsistent with the statute. The distinction that the Debtor seeks to draw between the two supposed homesteads is untenable given the definition of "Homestead."

Nor can the court read the statute's exception for a homestead owned in the debtor's own right to mean simply "owned in the debtor's own right at the time of the bankruptcy filing" because doing so would render the provision meaningless: no debtor would ever qualify for the exemption because, by definition, every debtor who claimed an exemption under 11 U.S.C. § 522 would, perforce, have had an interest in his or her homestead on the petition date.

Instead, the statute can make sense if the court varnishes the exception for a homestead owned in the debtor's own right with a judicial gloss that limits the homestead reference to include only a homestead that the debtor owned *at the time the deceased spouse's homestead property devolved upon the debtor.* This interpretation recognizes the unique nature of a homestead -- the principal residence -- and makes the statute operate in a somewhat more sensible manner. The court's (and the Trustee's) interpretation, for example, would protect a debtor who lived with her husband in a house that only he owned -- their principal residence -- and who acquired the home by devise or

descent.[3]  It would also protect a wife who was separated from her husband, was living in a rented apartment at the time of his death, and began occupying the deceased husband's former homestead as her pre-bankruptcy homestead after his death.[4]  These sorts of beneficiaries are natural objects of legislative largess.

In the present case, because the Debtor owned the Residence in her own right as a tenant by the entireties before succeeding to her husband's share upon his death, she does not qualify for the exemption under M.C.L. § 600.5451(1)(p).  In short, she owned an interest in the homestead in her own right at the statutorily relevant point in time.

THE EXEMPTION OF MISCELLANEOUS PERSONALTY

The Trustee also asks the court to find that Michigan's 1963 Constitution, Article X, § 3, does not provide an independent basis for exemption, and that the exemptions the Debtor claims in the checking account, bike, camera, 2009 federal tax refund, 2009 Michigan tax refund, and garnished wages are improper.

The court will sustain this aspect of the Objection for the reasons set forth in In re David Michael Caperton, Case No. DT 09-09540, slip op. (Bankr. W.D. Mich. Dec. 21, 2009).  To summarize that earlier decision, the court canvassed the minutes of the 1963 Constitutional Convention and concluded that the drafters did not intend the exemption provisions of the state's Constitution to be self-effectuating, but rather simply to serve as a floor to guide legislative enactments on the subject.

---

[3] As a practical matter, it is difficult to distinguish the needs of a widow who enjoys a right of survivorship and takes title the instant her husband dies, from the needs of a widow who takes title somewhat later by descent or devise.

[4] In this hypothetical, it would not matter if the wife held a concurrent ownership interest in the husband's homestead, or succeeded to her interest post-mortem, so long as his homestead was not her principal residence when he died.

## CONCLUSION AND ORDER

For the foregoing reasons, the court finds that the Objection is well-taken, and the exemptions are not.  Nevertheless, the court notes that nothing in this Opinion and Order shall be construed to abridge the Debtor's right to amend her exemptions, subject to the limitations prescribed in the rules and governing case law.  See Fed. R. Bankr. P. 1009(a); Lucius v. McLemore, 741 F.2d 125, 127 (6th Cir. 1984).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection (DN 12) is SUSTAINED, without prejudice to the Debtor's right to amend Schedule C.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Susan Laurel Trofatter, Paul I. Bare, Esq. and James W. Boyd, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: February 01, 2010**